# Katten

**50 Rockefeller Plaza**
**New York, NY 10020-1605**
**+1.212.940.8800 tel**
**katten.com**

**PETER G. WILSON**
peter.wilson@katten.com
+1.312.902.5649 direct
+1.312.902.1061 fax

October 22, 2024

The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

**Re: Plaintiffs' Motion for Consolidation and Appointment of Interim Class Counsel in** *Goldsmith v. UBS Financial Services, Inc.*, **No. 1:24-cv-06354-GHW-GWG and** *Davitt v. UBS Financial Services, Inc.*, **No. 1:24-cv-06692-GHW-GWG**

Dear Judge Gorenstein:

We write on behalf of Defendant UBS Financial Services Inc. ("UBS") regarding Plaintiffs' Motion for Consolidation and Appointment of Interim Class Counsel, filed on October 8, 2024 ("Plaintiffs' Motion") in *Goldsmith v. UBS Financial Services, Inc.* (24-cv-06354-GHW-GWG) and *Davitt v. UBS Financial Services, Inc.* (24-cv-06692-GHW-GWG).

Plaintiffs' Motion proposes the appointment of three firms – Bernstein Litowitz Berger & Grossmann LLP, Berger Montague PC, and Williams Dirks Dameron LLC – as interim class counsel. *See* Plaintiffs' Motion at 1. While Defendant takes no position as to which of the three firms this Court appoints as interim counsel, Defendant questions the need to appoint multiple firms in light of efficiency and cost concerns.

As this Court previously observed, "[T]he appointment of co-lead counsel tends to inflate legal fees — a result this court is particularly anxious to avoid." *In re Allergan PLC Sec. Litig.*, No. 18 Civ. 12089 (CM)(GWG), 2020 WL 5796763, at *11 (S.D.N.Y. Sept. 29, 2020) (McMahon, C.J.). Where either of the proposed co-lead counsel is able to represent the class, there is "no reason for having [multiple] law firms rather than one." *Id.*; *see also Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 540 (S.D.N.Y. 2015) (declining to appoint co-lead counsel in complex multi-district class action litigation on grounds that "the mushrooming presence of ever-more attorneys in a case more often serves to delay than to expedite the just and efficient administration of justice" and "also tends to increase costs.").

Other courts have similarly observed that "greater efficiency and clarity can only be realized if the Court appoints *one* firm as interim class counsel" instead of multiple firms. *In re Nest Labs Litig.*, No. 14-cv-01363-BLF, 2014 WL 12878556, at *2 (N.D. Cal. Aug. 18, 2014) (emphasis in

# Katten

October 22, 2024
Page 2

original); *see also Haley v. Macy's, Inc.*, Nos. 15-cv-06033-HSG et al., 2016 WL 4676617, at *3 (N.D. Cal. Sept. 07, 2016) ("no purpose to be served in appointing three interim counsel" and declining multiple appointments); *Friedman v. Rayovac Corp.*, 219 F.R.D. 603, 605–06 (W.D. Wisc. 2002) (denying lead plaintiff group's motion to appoint multiple law firms as lead counsel on grounds that the "lead plaintiff group has not addressed the myriad cases in which courts have expressed skepticism or have rejected outright a lead plaintiff's motion to appoint multiple lead counsel.") (collecting cases).

The same is true here. Since Plaintiffs represented that each of the three proposed counsel is qualified to represent the class, *see* Plaintiffs' Motion at 2, Defendant respectfully submits that efficiency and cost considerations counsel towards the appointment of just one firm as interim class counsel.

Sincerely,

/s/ Peter G. Wilson

cc: All Counsel of Record (by ECF)