UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KELLY GOLDSMITH                                     :

                                                    :        ORDER
                        Plaintiff,                           24 Civ. 6354 (GHW) (GWG)
                                                    :
        -v.-
                                                    :

UBS FINANCIAL SERVICES INC.                         :

                                                    :
                        Defendant.
-------------------------------------------------------------X
-------------------------------------------------------------X
ANDREW DAVITT                                       :

                                                    :
                        Plaintiff,                           24 Civ. 6692 (GHW) (GWG)
                                                    :
        -v.-
                                                    :

UBS FINANCIAL SERVICES INC.                         :

                                                    :
                        Defendant.
-------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

       Before the Court is plaintiffs' motion for consolidation of the above-referenced cases and
appointment of interim class counsel.  See Notice of Plaintiffs' Motion for Consolidation and
Appointment of Interim Class Counsel, filed October 8, 2024 (Docket # 20); Memorandum in
Support of Plaintiffs' Motion for Consolidation and Appointment of Interim Class Counsel, filed
October 8, 2024 (Docket # 21) ("Mem."); Joint Declaration of John Rizio-Hamilton, Michael
Dell'Angelo, and Matthew L. Dameron in Support of Plaintiffs' Motion for Consolidation and
Appointment of Interim Class Counsel, filed October 8, 2024 (Docket # 22) ("Joint Decl.").
Defendant has opposed the application in part by letter.  See Letter, filed October 22, 2024
(Docket # 24) ("Opp.").  Plaintiffs have filed a letter in reply.  See Letter, filed October 24, 2024
(Docket #25) ("Response").

<u>Consolidation</u>

Because the above-referenced actions plainly involve common questions of law and fact and because there is no objection from any party, the actions are hereby consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

<u>Appointment of Interim Class Counsel</u>

Federal Rule of Civil Procedure 23(g)(3) provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). While Rule 23(g)(3) does not give criteria for selecting interim counsel, "[c]andidates for interim class counsel are evaluated under the same rubric as potential counsel for certified classes." <u>Deangelis v. Corzine</u>, 286 F.R.D. 220, 223 (S.D.N.Y. 2012).

Under Rule 23(g)(1)(A), the court must consider:

(i) the work counsel has done in identifying or investigating potential claims in the action;
(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
(iii) counsel's knowledge of the applicable law; and
(iv) the resources that counsel will commit to representing the class.

Rule 23(g)(2) provides that where more than one applicant meets these criteria, "the court must appoint the applicant best able to represent the interests of the class." It appears that the reference to "the applicant" has not been read to exclude the appointment of multiple firms to act as co-counsel. <u>See</u>, <u>e.g.</u>, <u>Deangelis</u>, 286 F.R.D. at 224 (appointing two firms as "co-lead counsel"). Here, plaintiffs propose the appointment of three law firms: Bernstein Litowitz Berger & Grossmann LLP, Berger Montague PC, and Williams Dirks Dameron LLC. <u>See</u> Mem. at 1.

For its part, defendant does not object to the appointment of class counsel or to the qualifications of any of the proposed law firms. Instead, it objects to the appointment of three law firms instead of a single firm. <u>See</u> Opp. at 1-2.

While the Court certainly has concerns that the appointment of three firms could raise costs, the firms have represented that they have put procedures in place to ensure that any duplication of effort is minimized. <u>See</u> Joint Decl. at ¶ 9. They persuasively argue that the pooling of expertise will in fact achieve efficiencies. <u>See</u> Response at 2. Furthermore, in a case of this magnitude, it is fair that the risk of loss be spread among more than one firm. Obviously, the Court will carefully scrutinize any future fee application and will be able to ensure that no fees are awarded for unreasonable attorney hours.

As for the criteria listed in Rule 23(g)(1)(A), the firms have already done extensive work on this case, have vast experience in class actions involving financial matters, are obviously well-versed in the applicable law, and have the resources necessary to prosecute this action.

Conclusion

Accordingly, the plaintiffs' motion (Docket # 20 in 24 Civ. 6354) is granted.  The two above-captioned cases are consolidated.  From today forward, all filings shall be made exclusively in 24 Civ. 6354.  The firms of Bernstein Litowitz Berger & Grossmann LLP, Berger Montague PC, and Williams Dirks Dameron LLC are hereby appointed Interim Class Counsel in the consolidated action.

Finally, on or before November 12, 2024, the parties shall file an agreed proposal or separate proposals for the deadlines for (1) the filing of a consolidated amended complaint and (2) the filing of either an answer or a letter to Judge Woods seeking permission to file a motion to dismiss in accordance with paragraph 2.E of Judge Woods' Individual Practices.

SO ORDERED.

Dated: November 1, 2024
       New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

3